UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BLUE AXIS GLOBAL LTD & LONGBYTE INC.,

        Petitioners,

v.

ALOPEX ADVISORS, LLC,

        Respondent.

24-mc-508 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Blue Axis Global Ltd. and Longbyte, Inc. ("Petitioners") are engaged in an ongoing arbitration against Respondent Alopex Advisors, LLC ("Alopex") in the Hong Kong International Arbitration Centre (the "Arbitration"). On November 6, 2024, to secure satisfaction of a potential award in the Arbitration, Petitioners filed an *ex parte* petition with this Court for a Temporary Order of Attachment in Aid of Arbitration (the "Petition"), seeking to attach funds in Alopex's bank account at Bank of America (the "BoA Account") up to the amount of $4 million, which represents a "Security Deposit" in Alopex's custody that is the subject of the Arbitration.

    On November 13, 2024, the Court granted the Petition and issued a Temporary Order of Attachment *ex parte*. *See* ECF No. 13. Pursuant to CPLR § 6211(b), Petitioners were required to move within five days of levying the BoA Account for an order confirming the Temporary Order of Attachment, at which point Respondent would have an opportunity to be heard on the motion. *See id.* The Court twice extended that deadline in light of the parties' ongoing efforts to resolve the dispute. *See* ECF Nos. 15, 17.

    Petitioners moved to confirm the Temporary Order of Attachment on December 4, 2024. *See* ECF No. 18. On December 5, 2024, they filed a letter advising the Court that the BoA Account

contains only $347.96, and they therefore seek to obtain disclosure from Respondent pursuant to CPLR § 6620 "to identify assets that may be used to satisfy an arbitral award in Petitioners' favor."[1]  ECF No. 24.  Respondent opposed the CPLR § 6620 motion on December 10, 2024.  *See* ECF No. 28.  On December 12, 2024, pursuant to the Court's December 6, 2024 Order, *see* ECF No. 26, Petitioners filed a letter urging the Court to either (1) grant the CPLR § 6620 motion and thereafter permit Petitioners to amend the Order of Attachment to include any accounts that contain sufficient funds to satisfy an arbitral award; or (2) expand the scope of the Order of Attachment to include all of Respondent's accounts at Bank of America.  The Court heard argument on the CPLR § 6620 motion on December 18, 2024.

Courts have discretion whether to order disclosure pursuant to CPLR § 6620.  *See Yong Xiong He v. China New Star Rest., Inc.*, No. 19-CV-5907, 2020 WL 6202423, at *16 (E.D.N.Y. Oct. 22, 2020).  The Court is mindful that attachment is an "extraordinary remedy," *see Asdourian v. Konstantin*, 50 F. Supp. 2d 152, 159 (E.D.N.Y. 1999), and that courts should be "leery of granting such harsh relief," *Fratelli Italiani, LLC v. Mironova*, No. 18-CV-7013, 2019 WL 3759160, at *7 (S.D.N.Y. Apr. 11, 2019).  *See also id.* ("[Where attachment is sought] as a means of security rather than to obtain *quasi in rem* jurisdiction, courts should issue the attachment only upon a showing that drastic action is required for security purposes.").  Given that the Court granted attachment *ex parte* on a temporary basis, and that it has not yet considered Respondent's arguments against attachment, the Court will not order any further intrusion into Respondent's affairs without permitting it an opportunity to be heard on the merits.

---

[1] CPLR § 6620 provides, in relevant part: "Upon motion of any interested person, at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information regarding any property in which the defendant has an interest, or any debts owing to the defendant."

Accordingly, and consistent with the practice of other courts in this circuit, the Court will first address Petitioners' motion to confirm the Temporary Order of Attachment. *See Gov't Emps. Ins. Co. v. Grody*, No. 22-CV-06187, 2023 WL 5979206, at *3, 8 (E.D.N.Y. July 24, 2023), *report and recommendation adopted,* No. 22-CV-6187, 2023 WL 6307340 (E.D.N.Y. Sept. 28, 2023); *Zapoteco v. Rapi, Inc.*, No. 20-CV-6335, 2021 WL 1964548, at *2–4 (E.D.N.Y. May 17, 2021); *Yong Xiong He*, 2020 WL 6202423, at *5, 16; *Etalon Imob S.R.L. v. Schoenbach*, No. 12-CV-6868, 2012 WL 4741595, at *3–5 (S.D.N.Y. Oct. 3, 2012). If the Court concludes that attachment is warranted, it will then determine whether to order disclosure pursuant to CPLR § 6620. *See Yong Xiong He*, 2020 WL 6202423, at *16. If attachment is not warranted, then the CPLR § 6620 motion will be denied. *See Fratelli Italiani*, 2019 WL 3759160, at *13.

SO ORDERED.

Dated:   December 20, 2024
         New York, New York

_____
Ronnie Abrams
United States District Judge