```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**BLUE AXIS GLOBAL LTD and LONGBYTE INC.,**

                                **Petitioners,**

           -against-

**ALOPEX ADVISORS, LLC,**

                                **Respondent.**

-----------------------------------------------------------------X

**24-MC-00508 (SN)**

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

        Pursuant to New York Civil Practice Law and Rules ("CPLR") Section 6212(e), Alopex Advisors, LLC ("Respondent") seeks $218,845.00 for fees incurred in vacating the Temporary Order of Attachment in Aid of Arbitration ("Temporary Order") obtained *ex parte* by Blue Axis Global LTD and Longbyte Inc. ("Petitioners"). See ECF No. 66 at 1. Respondent initially sought over $300,000 in attorneys' fees but reduced their requested fee award following the Court's September 9, 2025 Opinion and Order. ECF No. 65. Petitioners oppose Respondent's motion and ask that the Court reduce the fee award to $75,000. See ECF No. 67 at 1.

        For the reasons discussed below, Respondent's motion for attorneys' fees is GRANTED in part and DENIED in part. Respondent is awarded attorneys' fees of $142,249.25.

## BACKGROUND

        The Court assumes the parties' familiarity with the factual background of this case, which is set forth in greater detail in the Court's September 9, 2025 Order. See ECF No. 65. The Court recounts only those facts necessary to this motion. This case arises out of Petitioners' *ex parte*

application seeking a Temporary Order of attachment in relation to a then-ongoing arbitration in Hong Kong. ECF No. 1. The Honorable Ronnie Abrams, to whom this case was then assigned, issued a Temporary Order of attachment on November 13, 2024. ECF No. 13. Petitioners subsequently filed a motion to confirm the Temporary Order on December 4, 2024. ECF No. 18. On January 30, 2025, the Court issued an Opinion and Order denying Petitioners' motion to confirm the Temporary Order of Attachment and vacating the same. ECF No. 41. Respondent then filed a motion for attorneys' fees seeking to recover $256,618.60 for fees expended in opposing Petitioners' unsuccessful motion to confirm the Temporary Order and $77,069.50 in fees incurred in filing its attorneys' fees motion (*i.e.*, fees on fees). ECF Nos. 45–48, 56. While Respondent's fees motion was pending, the underlying arbitration in Hong Kong concluded in Petitioners' favor, and Petitioners were awarded $4 million. See ECF No. 60-1.

On September 9, 2025, this Court determined that, under CPLR 6212(e), Respondent is entitled to fees incurred in vacating the Temporary Order, regardless of the outcome of the underlying Hong Kong arbitration. See ECF No. 65. The Court rejected Respondent's request for fees on fees, finding that nothing under CPLR 6212(e) entitles Respondent to fees incurred in filing its attorneys' fees motion. Id. In light of multiple discrepancies identified in Respondent's time records, the Court directed Respondent to file a supplemental attorney declaration to clarify the fees requested, as well as ordered Respondent to file its time records on the public docket with limited redactions. Id. Respondent filed its supplemental declaration and an accompanying exhibit showing its contemporaneous time records on September 19, 2025. ECF No. 66. Petitioners filed a letter in opposition to Respondent's revised attorneys' fees request on October 3, 2025. ECF No. 67. Petitioners ask that the Court reduce Respondent's fee award by not

including in its calculations various challenged time entries. See id. Specifically, Petitioners ask that that the fee award calculation not include any time billed for duplicative tasks, time entries that are heavily redacted, time billed for an unfiled motion to seal, and time billed to perform tasks that "were not commensurate with the attorneys' experience, disproportionate to the work performed, or both." ECF No. 67 at 1–2.

## DISCUSSION

I. Calculating Reasonable Fees

### A. Legal Standards

The Court previously determined that Respondent is entitled to reasonable attorneys' fees expended in vacating the attachment because CPLR § 6212(e) requires the Court to award fees when an attachment is vacated as unwarranted. See ECF No. 65 at 5. Since the Court rejected Respondent's request for fees on fees, the only remaining issue is whether Respondent's requested fees incurred vacating the attachment are reasonable.

To determine the reasonable number of hours required to litigate a case, courts must review an attorney's contemporaneous time records. Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015). Any hours that were not "reasonably expended" should be excluded. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). This analysis takes into consideration "overstaffing, the skill and experience of the attorneys, [and any] redundant, excessive, or unnecessary hours." Gonzalez, 112 F. Supp. 3d at 29 (citing Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)). District courts are given "broad discretion" in assessing what is reasonable under the circumstances. Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997). Further, the party seeking attorneys' fees has the burden "to keep and present records from which the court

may determine the nature of the work done, the need for it, and the amount of time reasonably required." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987). "[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested." Id.

Courts may also apply an across-the-board percentage cut "as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting New York Ass'n for Retarded Child. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)). Such reductions may reflect the reviewing court's decision that "billing records were not sufficiently detailed, contain inappropriate block billing, and/or that matters were overstaffed." Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, No. 10-CV-2262 (DRH)(AYS), 2019 WL 2870721, at *7 (E.D.N.Y. June 18, 2019), report and recommendation adopted, 2019 WL 2869150 (E.D.N.Y. July 3, 2019). Depending on the case, an across-the-board reduction can range from 15% to 50%. See, e.g., Matusick v. Erie Cnty. Water Auth., 757 F.3d 31, 64 (2d Cir. 2014) (upholding a 50% reduction in light of concerns regarding "unspecified conferences, telephone calls, email correspondence, and reviews"); Francois v. Mazer, 523 F. App'x 28, 29 (2d Cir. 2013) (affirming a 40% reduction); Vista Outdoor Inc. v. Reeves Fam. Tr., No. 16-CV-5766 (JSR), 2018 WL 3104631, at *13 (S.D.N.Y. May 24, 2018) (excluding fees associated with four attorneys' time entries and applying a 35% reduction to remaining attorney hours); Beastie Boys v. Monster Energy Co., 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) ("Fee reductions around 30% are . . . common in this District to reflect considerations of whether work performed was necessary, leanly staffed, or properly billed."); Simmonds v. New York City Dep't of Corr., No. 06-CV-5298 (NRB), 2008 WL 4303474, at *8–

9 (S.D.N.Y. Sept. 16, 2008) (reducing a fee request by 15% to account for ambiguities in submitted billing records).

### B. Application

Respondent seeks to compensate Partner Ben Au at an average rate of $1,480.65 per hour, Partner Jennifer M. Keighley at an average rate of $1,223.05 per hour, and Managing Associate Margaret Anderson at an average rate of $1,083.15 per hour. ECF No. 66 at 3. Petitioners argue that these hourly rates are unreasonable. See ECF No. 51 at 7. The Court finds that the hourly rates for the partners on the case, though high, are reasonable and in line with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano, 109 F.3d at 115. "[C]ourts in this District have found rates in excess of $1,000 reasonable for partners at large firms working on complex matters for willing clients." Wells Fargo Tr. Co. v. Fast Colombia S.A.S., No. 23-CV-603 (PGG)(RWL), 2023 WL 8591953, at *6 (S.D.N.Y. Oct. 16, 2023), report and recommendation adopted, 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023) (collecting cases from 2018 to 2023 approving of rates ranging from $897.50 per hour to $1,350 per hour for partners at large law firms).

While the Court finds that the hourly rates charged for the worked performed by the partners are reasonable, Respondent's fee award should be reduced for five reasons: (1) the hourly rate for Managing Associate Margaret Anderson is unreasonable; (2) the hours spent on certain tasks are unreasonable; (3) the time records contain impermissible block billing; (4) Respondent's time records include time worked on an unfiled motion to seal; and (5) Respondent's time records include time entries that are heavily redacted.

### 1. Unreasonable Associate Hourly Rate

Respondent seeks $89,663.40 for work performed by Managing Associate Margaret Anderson, who billed 82.78 hours at an average hourly rate of $1,083.15. ECF No. 66 at 3. Respondent does not cite to any case where a court in this District adopted an hourly rate above $1,000 for an associate with Ms. Anderson's experience. In fact, a review of the caselaw shows that for a senior or mid-level associate, "an hourly rate above $1,000 . . . exceeds the range of hourly rates typically approved by courts in this District." China AI Cap. Ltd. v. DLA Piper LLP (US), No. 21-CV-10911 (VM)(VF), 2025 WL 2466633, at *6 (S.D.N.Y. May 22, 2025), report and recommendation adopted, 2025 WL 3204368 (S.D.N.Y. Nov. 17, 2025) (collecting cases); see also Wells Fargo Tr. Co., 2023 WL 8591953, at *7–8 (finding that reasonable associate rates have typically been "far more modest" and generally do not exceed $1,000). Accordingly, the Court finds that Ms. Anderson's average rate of $1,083.15 per hour is excessively high. The Court will therefore apply a reduction to the total fee award to account for Ms. Anderson's unreasonable hourly rate.

### 2. Unreasonable Hours

Respondent seeks fees for 185.18 hours of attorney work performed over approximately two months.[1] See ECF No. 66. During this brief period, Respondent opposed discovery in a three-page letter (which relief was granted) and successfully moved to vacate a temporary order of attachment. Before even scrutinizing the billing entries, this number is excessive.

---

[1] In truth, Respondent worked essentially no more than 37 days, starting November 14, 2024, until its opposition brief was filed on December 20, 2024.

Still, a review of the records reveals the unreasonable billing practice by Respondent's attorneys. For example, time records suggest that Respondent spent over 20 hours, and approximately $25,000, preparing a letter to the Court regarding discovery, strategizing for a discovery hearing, and traveling to and attending a 15-minute hearing. See ECF No. 66, at Ex. A. The discovery letter submitted to the Court is only three pages long and does not contain particularly complex legal analysis. See ECF No. 28. The first section of the letter provides the relevant legal standard and distinguishes certain cases cited by Petitioners. Id. The latter portion of the letter focuses on Petitioners' likelihood of success in the underlying arbitration. Id. In their brief in support of their attorneys' fees motion, Respondent argues that the discovery conference required more work than a typical conference because Respondent had to brief the likelihood of success on the merits in a complicated foreign arbitration. See ECF No. 46 at 11. But the discovery letter states on multiple occasions that the bulk of the legal argument on Petitioners' likelihood of success is contained in the then-forthcoming opposition to the motion to confirm the Temporary Order. See ECF No. 28 at 2. The analysis in this letter is also not particularly robust. Given the facts at play and the legal analysis required, no reasonable attorney would have spent over 20 hours on such a letter and a short conference.

Further, one attorney billed over $2,000 for two hours of work preparing Respondent's Rule 7.1 statement, a two-sentence form document that reasonably should have been completed in a fraction of the time. See ECF No. 66 at 12. "If the number of hours stated is disproportionate to the work performed, the Court should reduce the stated hours accordingly." Themis Cap. v. Democratic Republic of Congo, No. 09-CV-1652 (PAE), 2016 WL 817440, at *3 (S.D.N.Y. Feb.

7

22, 2016). Two hours on a straightforward Rule 7.1 statement is disproportionate to the work performed.

The number of hours billed for approximately two months of litigation on a case involving one opposition to the motion to confirm a temporary order of attachment, one discovery letter response, and a short discovery hearing is unreasonable. The amount of time billed is disproportionate to the amount of work performed, so the Court will reduce the fee award accordingly.

### 3. Block Billing

Respondent's repeated use of block billing calls into question their timekeeping practices and injects doubt into their time records. Block billing occurs when an attorney groups multiple tasks into a single billing entry. Hines v. City of Albany, 613 F. App'x 52, 55 (2d Cir. 2015). This type of billing is permissible, but only when the records "allow the court to conduct a meaningful review of the hours requested." Restivo v. Hessemann, 846 F.3d 547, 591 (2d Cir. 2017) (citing Merck Eprova AG v. Gnosis S.P.A., 760 F.3d 247, 266 (2d Cir. 2014)). Block billing is impermissible where "large amounts of time (*e.g.*, five hours or more) are block billed." Beastie Boys, 112 F. Supp. 3d at 53. The use of large "blocks" prevents the Court from conducting a "conscientious and detailed inquiry" into a significant portion the alleged hours. See Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

Respondent's attorneys frequently used impermissible block billing. On November 21, 2024, Ms. Keighley billed 4.8 hours for a conference with her client and opposing counsel, legal research, reviewing a joint letter to seal, sending opposing counsel proposed sealed materials, and reviewing arguments in the arbitration. See ECF No. 66 at 7. On December 13, 2024, Ms.

8

Keighley billed 5.8 hours for reviewing a court order, conferring with her team and the client, and reviewing and revising the opposition to the motion to confirm. Id. at 9. On December 16, 2024, Ms. Keighley billed 7.2 hours for revising the opposition to the motion to confirm, drafting talking points for the discovery hearing, and conferring with her client. Id. In an entry from December 18, 2024, Ms. Keighley billed 6.8 hours for preparing and attending the discovery hearing, revising opposition papers, and conferring with her client regarding the hearing. Id. at 10.

Such discrete tasks should have been broken into discrete time entries so that the Court could properly assess whether the time spent on each task was reasonable. It could be that these total hours expended are reasonable for the work performed in that time. But when multiple distinct activities are grouped into a single time entry in this way, it is impossible for the Court to detangle how much time was spent on each activity. As a result, the Court cannot determine whether the amount of time expended on each task was reasonable and, therefore, such inappropriate use of block billing is grounds for further reducing the fee award. See Hines, 613 F. App'x at 55.

### 4. Time on the Unfiled Motion to Seal

Respondent claims that it is not seeking fees associated with an unfiled motion to seal. ECF No. 66 at 1–2. Multiple block-billed time entries listed in Respondent's submitted billing records, however, include work on this unfiled motion to seal. See ECF No. 66 at Ex. A. For example, Respondent includes a time entry from Ms. Keighley on November 15, 2024, where Ms. Keighley spent six hours on various tasks, including "research process for . . . filing papers under seal." Id. at 6. In its recent supplemental declaration, Respondent explains that the amount

of time worked on the unfiled motion to seal was "minimal" and reflected in only four entries. Id. at 3. For these four entries, which are block-billed, Respondent reduced the time sought by 30% to account for time spent on the unfiled motion to seal. Id. Despite Respondent's reduction, it remains impossible for the Court to subtract out the exact time spent on the sealing motion. While this discrepancy alone does not warrant significant reduction, it factors into the Court's overall assessment of the fee request.

### 5. Excessive Redactions

In its September 9, 2025 Order, the Court denied Respondent's motion to seal its billing records and directed Respondent to file its records on the public docket with "minimal" and "limited redactions for attorney-client privilege." ECF No. 65 at 11. Respondent filed an unsealed version of its billing records, as directed, but the billing records include several redactions, making it impossible for Petitioners to challenge whether such entries are in fact reasonable. For example, Respondent is seeking nearly $1,000 in fees for a December 18, 2024 entry submitted by attorney Margaret Anderson that is redacted in its entirety. See ECF No. 66 at 13. Although Respondent previously provided the Court with unredacted copies of its time records, ECF Nos. 48-1 and 56-1, the Court finds that Respondent did not sufficiently narrow its applied redactions as directed. It is therefore within the Court's discretion to further reduce the fee award accordingly. See Skanga Energy & Marine Ltd. v. Arevenca S.A., No. 11-CV-4296 (DLC)(DF), 2014 WL 2624762, at *7 (S.D.N.Y. May 19, 2014) (reducing blocked-billed time entries that were heavily redacted).

## II.     Total Fee Award Reduction

Respondent's overall fee award must be reduced because the hourly rate of Ms. Anderson exceeds the associate rates typically approved in this District, the amount of time billed is excessive as demonstrated by the total numbers as well as individual tasks, the time records contain impermissible block billing, Respondent includes time spent on an unfiled motion to seal, and Respondent's billing records are heavily redacted. Respondent seeks a revised total of $218,845.00. ECF No. 66 at 1. Instead of making line-item subtractions, the Court will apply an across-the-board percentage cut. See Kirsch, 148 F.3d at 173. Considering the number of issues identified with Respondent's billing records, the Court reduces the fee award by 35%. The result is a fee award of $142,249.25. This award is still substantially higher than awards for similar cases successfully opposing attachment, reflecting the higher (but reasonable) partner hourly rates and relative complexity of these proceedings. See, e.g., Winklevoss Cap. Fund, LLC v. Shrem, 360 F. Supp. 3d 251, 253 (S.D.N.Y. 2019) (awarding $44,986.80 in fees).

## CONCLUSION

Respondent's motion for attorneys' fees is GRANTED in part and DENIED in part. Respondent is awarded attorneys' fees in the amount of $142,249.25.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 45.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:     December 2, 2025
           New York, New York